UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRANCE F. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY et al,<br><br>Defendants. | CASE NO. C17-5235 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: JUNE 23, 2017 |

Before the Court are defendants' motion to dismiss (Dkt. 5) and plaintiff's motion for judgment on the pleadings (Dkt. 9).

Because defendants have not yet filed an answer to plaintiff's complaint, the Court recommends denying plaintiff's motion for judgment on the pleadings as premature. However, the Court recommends that plaintiff be granted an additional opportunity to file a response to defendants' motion to dismiss. The Court will address the noting date of defendants' motion to dismiss in a separately filed order.

## BACKGROUND

Plaintiff pled guilty to one count of robbery in the first degree and is currently serving a prison term of 120 months. Dkts. 5, 6. Plaintiff's complaint stems from the prosecution against him by defendants Lindquist, Hill, Nevin, and Pierce County. Dkt. 1-3. Plaintiff's alleges that his due process rights were violated, defendants conspired against him, and defendants violated Article I, sections 3 and 14 of the Washington Constitution. Dkt. 1-3. Plaintiff also contends that defendants were negligent, deliberately injured plaintiff, intentionally inflicted emotional distress, committed crimes, and engaged in unlawful imprisonment and misconduct. *Id.*

Defendants argue that they are entitled to absolute immunity. Dkt. 5. In the alternative, defendants argue that they are entitled to qualified immunity, that plaintiff's claims are barred under the *Heck* doctrine, and that plaintiff has failed to state a claim upon which relief can be granted. Dkt. 5.

## DISCUSSION

On or about February 28, 2017, plaintiff filed a lawsuit in the Thurston County Superior Court. Dkt. 1. Defendants then removed the action to this Court on March 30, 2017. Dkt. 1. On April 6, 2017, defendants filed a motion to dismiss. Dkt. 5. On April 19, 2017, in response to defendants' motion, plaintiff filed a pleading entitled "motion for judgment and response to motion to dismiss for failure to state a claim." Dkt. 9. Although plaintiff's motion is not entirely clear, the Court interprets this pleading as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff's motion for judgment does not clearly distinguish between what arguments he wishes to raise as a motion for judgment and what arguments he wishes to raise in opposition of defendants' motion to dismiss. *See* Dkt. 9.

Defendants argue that the motion for judgment on the pleadings is premature because the pleadings are not closed. The Court agrees. In *Doe v. U.S.,* 419 F.3d 1058 (9th Cir. 2005), the defendant moved to dismiss and plaintiff filed a cross-motion for judgment on the pleadings under Rule 12(c). The Ninth Circuit held that the plaintiff's motion was premature because the defendant had not yet filed an answer. *Id.* at 1061. Citing Rule 7(a) and Rule 12(c)'s language that such motions may be filed "[a]fter the pleadings are closed—but early enough not to delay trial[,]" the Ninth Circuit reasoned that "pleadings are closed for purposes of Rule 12(c) once a complaint and answer have been filed ...." *Id. See also Johnston v. Irontown Hous. Co.,* 2013 WL 3776946, at *2–3 (S.D. Cal. July 17, 2013).

Similarly, in this case, plaintiff's motion for judgment on the pleadings was filed before any of the named defendants filed an answer. *See* Dkt. 9. Thus, the Court finds that plaintiff's motion is premature, and recommends that plaintiff's motion for judgment on the pleadings be denied without prejudice.

However, because the Court and defendants cannot easily discern what portion of his motion for judgment on the pleadings is a response to defendants' motion to dismiss, the Court recommends that plaintiff be allowed additional time to file a response to defendants' motion to dismiss.

**CONCLUSION**

For the reasons set forth above, the Court recommends that plaintiff's motion for judgment on the pleadings (Dkt. 9) be denied without prejudice. The Court recommends granting plaintiff additional time to file a response to defendants' motion to dismiss (Dkt. 5).[1] Plaintiff's

---

[1] The undersigned will address the noting date of defendants' motion to dismiss by separate order.

response should be due on a date set by District Judge Settle after consideration of this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 23, 2017** as noted in the caption.

Dated this 26th day of May, 2017.

J. Richard Creatura
United States Magistrate Judge